# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL LEE LARSEN,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:00CR41DAK |

　　　　This matter is before the court on Defendant Daniel Lee Larsen's "Motion for Review of Sentence Pursuant to 18 U.S.C. § 3742(A)(1) and (2)." Section 3742(a)(1) and (2) provide that "A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence – (1) was imposed in violation of the law; (2) was imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(A)(1), (2).

　　　　"A defendant's right to appeal his sentence is governed by 18 U.S.C. § 3742(a), which allows a defendant to appeal a 'final sentence' only in certain circumstances." *United States v. Lonjose*, 663 F.3d 1292, 1298 (10th Cir. 2011). "The defendant must file a notice of appeal 'within 14 days after the later of (I) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.'" *Id.* "The law is clear that a defendant forfeits the right to appeal the judgment if he does not file a notice of appeal within the statutory time provided." *Id.* Under Federal Rule of Appellate Procedure 4(b)(4), "A district court may

extend the time to file a notice of appeal upon a finding of excusable neglect or good cause."

Defendant Larsen's "motion for review of sentence" under the statutory provisions allowing a defendant to file an appeal is procedurally improper. Defendant has already filed an unsuccessful appeal. *See United States v. Larsen*, 63 Fed. Appx. 416, 418 (10th Cir. 2003) (unpublished). Larsen then filed a petition under 28 U.S.C. § 2255 raising challenges to his conviction and sentence. This court denied the petition on the merits, and the Tenth Circuit denied a Certificate of Appealability. *United States v. Larsen*, 175 Fed. Appx. 236, 238 (10th Cir. 2006) (unpublished). Larsen later filed an improper appeal after this court granted a motion allowing the spelling of his name to be corrected. In 2009, Larsen filed a motion under Rule 36 of the Federal Rules of Criminal Procedure, raising similar issues to those raised in the present motion. This court found the motion to be procedurally improper and concluded that it lacked jurisdiction. The Tenth Circuit agreed with this court in a decision released June 2, 2010. The Tenth Circuit's decision also precluded Larsen from filing a successive petition under Section 2255. The rule allowing a court to extend the time for filing a notice of appeal for excusable neglect or good cause does not contemplate this type of situation where the defendant has already appealed and is seeking a successive collateral attack against his sentence.

In Larsen's prior Rule 36 motion, he attacked the presentence report's calculation of quantities and asserted an ex post facto violation. In the present motion, Defendant Larsen argues that the presentence report and court violated his ex post facto rights, his sentence was improperly enhanced under U.S.S.G. § 2D1.1 by several levels by an error in the calculation of pseudoephedrine, and his total offence level overstates his culpability after an adjustment under

U.S.S.G. § 3B1.2.  Again, Larsen attempts to raise a substantive attack on his sentence when this court has no jurisdiction to act.  "A district court does not have inherent authority to modify a previously imposed sentence; it may do do only pursuant to statutory authorization."  *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  Larsen's attempt to manufacture a right to review his sentence under 18 U.S.C. § 3742(a)(1) and (2) several years after his initial unsuccessful appeal is procedurally unfounded.  Larsen has already brought an unsuccessful direct appeal, an unsuccessful § 2255 petition, and been denied the right to bring a successive § 2255 petition.  The court finds Larsen's current motion frivolous and warns Larsen that any future filings deemed to be frivolous could subject him to possible sanctions.

Based on the above reasoning, Defendant Daniel Lee Larsen's "Motion for Review of Sentence Pursuant to 18 U.S.C. § 3742(A)(1) and (2)" is DENIED.

DATED this 6th day of June, 2012.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge